IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-13209 |

## COMPLAINT

Plaintiff Kelly Toys Holdings, LLC ("Plaintiff" or "Kelly Toys") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and/or unauthorized copies of Plaintiff's federally registered copyrighted works (collectively, the "Unauthorized Squishmallows Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale Unauthorized Squishmallows Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Squishmallows Products to unknowing consumers. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operations. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Squishmallows Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its

valuable trademarks and infringement of its copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff Kelly Toys is a limited liability company with a principal place of business at 955 Shotgun Road, Sunrise, Florida 33446. Kelly Toys is a subsidiary of Jazwares, LLC.

5. Plaintiff is one of the world's most influential, leading manufacturers and distributors of high-quality plush toys, consumer products, and gifts, and is known for its best-selling brands, including Squishmallows, Fuzz A Mallows, Hug Mees By Original Squishmallows, Russ, and BumBumz, as well as licensed product partnerships with Disney, Pokémon, Sanrio's Hello Kitty, and more.

6. One of the most popular Kelly Toys brands is Squishmallows, a line of loveable plush toys made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24-inch plush toys. The Squishmallows products have expanded to other styles including, but not limited to, Squishville, Micromallows, Hug Mees, Stackables, Mystery Squad, and Flip A Mallows (collectively, the "Squishmallows Products"). Since their debut in 2017, over 400 million Squishmallows Products have been sold worldwide.

7. In 2020, the Squishmallows Products were awarded "Best Toy of the Year" by Learning Express. Squishmallows Products have also won the following Toy Association Toy of the Year ("TOTY") Awards: 2022, 2023 "Toy of the Year," 2022 "People's Choice" award, 2022, 2023 "Plush Toy of the Year," and 2023 Collectible Toy of the Year. In addition, Squishmallows Products won the 2025 Pulse of Play Awards for Crossover Collaboration of the Year (Harry Potters), Licensing International 2023 Excellence Awards for Best Brand Toy, Parents 2023 Best Toy Awards, and Best Toys for Tweens and Teens and Best Plush for Tweens and Tweens

3

(Squishmallow Hugo). The Squishmallows Products are sold by major U.S. retailers, e-commerce websites such as Amazon, Target, and Walmart, and on Plaintiff's websites at shop.jazwares.com/pages/squishmallows/ and jazwares.com/brands/squishmallows.

8. Plaintiff has used SQUISHMALLOWS and other trademarks for many years and has continuously sold products under SQUISHMALLOWS and other trademarks (collectively, the "SQUISHMALLOWS Trademarks"). As a result of this long-standing use, strong common law trademark rights have amassed in the SQUISHMALLOWS Trademarks. Plaintiff's use of the marks has also built substantial goodwill in and to the SQUISHMALLOWS Trademarks. Squishmallows Products typically include at least one of Plaintiff's registered SQUISHMALLOWS Trademarks and/or Plaintiff's copyrighted works (the "Squishmallows Copyrighted Works").

9. Several of the SQUISHMALLOWS Trademarks are registered with the United States Patent and Trademark Office, a non-exclusive list of which is included below.

| Registration No. | Trademark |
|---|---|
| 6,396,417<br>6,457,232<br>6,980,672<br>7,127,516<br>7,127,517<br>7,139,833 | SQUISHMALLOWS |
| 7,892,158 | ORIGINAL SQUISHMALLOWS (logo) |
| 7,892,157 | ORIGINAL SQUISHMALLOWS (logo) |
| 6,654,108 | SQUISHMALLOWS HUG MEES |

| Registration No. | Trademark |
|---|---|
| 6,296,587<br>6,577,928 | SQUISHVILLE |
| 6,540,582 | SQUISH-DOOS |
| 6,714,096 | SQUEEZE MALLOWS |
| 6,740,270 | SLEEP A MALLOWS |
| 6,137,521 | FLIP A MALLOWS |
| 7,054,403 | FUZZ A MALLOWS |
| 6,290,504 | MICROMALLOWS |
| 5,962,289 | MYSTERY SQUAD |
| 6,396,414 | SQUISHVILLE BY ORIGINAL SQUISHMALLOWS |
| 6,396,439 | *Squishville by Squishmallows* (logo) |

10. The above U.S. registrations for the SQUISHMALLOWS Trademarks are valid, subsisting, and in full force and effect. The registrations for the SQUISHMALLOWS Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the SQUISHMALLOWS Trademarks pursuant to 15 U.S.C. § 1057 (b). True and correct copies of the United States Registration Certificates for the above-listed SQUISHMALLOWS Trademarks are attached hereto as **Exhibit 1**.

11. The SQUISHMALLOWS Trademarks are distinctive when applied to the Squishmallows Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the SQUISHMALLOWS Trademarks are manufactured to the highest quality standards.

12. The SQUISHMALLOWS Trademarks have been continuously used and never abandoned. The innovative marketing and product designs of the Squishmallows Products have enabled the SQUISHMALLOWS brand to achieve widespread recognition and fame and have made the SQUISHMALLOWS Trademarks some of the most well-known marks in the children's

toy industry. The widespread fame, outstanding reputation, and significant goodwill associated with the SQUISHMALLOWS brand have made the SQUISHMALLOWS Trademarks valuable assets of Plaintiff.

13. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the SQUISHMALLOWS Trademarks. In fact, Plaintiff has expended millions of dollars in advertising, promoting, and marketing featuring the SQUISHMALLOWS Trademarks. Squishmallows Products have also been the subject of extensive unsolicited publicity resulting from their fame and high-quality, innovative designs. As a result, products bearing the SQUISHMALLOWS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Squishmallows Products have become among the most popular of their kind in the U.S. and the world. The SQUISHMALLOWS Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the SQUISHMALLOWS Trademarks is of incalculable and inestimable value to Plaintiff.

14. Genuine Squishmallows Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with Plaintiff's SQUISHMALLOWS brand.

15. Plaintiff has registered its Squishmallows Copyrighted Works with the United States Copyright Office. The registrations include, but are not limited to, the U.S. copyright registrations for the Squishmallows Copyrighted Works identified in **Exhibit 2** attached hereto. True and correct copies of U.S. federal copyright registration certificates and the records from the U.S. Copyright Office website for the above-referenced Squishmallows Copyrighted Works are attached hereto as **Exhibit 3**.

6

16. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Squishmallows Copyrighted Works to the public.

17. Since their first publication, the Squishmallows Copyrighted Works have been used on the Squishmallows Products and are featured on Plaintiff's website at shop.jazwares.com. Squishmallows Products featuring the Squishmallows Copyrighted Works are advertised on Plaintiff's websites at shop.jazwares.com/pages/squishmallows/ and jazwares.com/brands/squishmallows.

**The Defendants**

18. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit networks. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

20. The success of the Squishmallows brand has resulted in significant counterfeiting of the SQUISHMALLOWS Trademarks and copying of the Squishmallows Copyrighted Works. Consequently, Plaintiff has a worldwide brand protection program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Squishmallows Products on online marketplace platforms such as Amazon, eBay, Walmart, and Temu, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. At last count, global trade in counterfeit and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization for Economic Cooperation and Development (the "OECD").[2] The primary source of all those counterfeits, the OECD and others say, is China.[3]

21. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken

---

[2] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.
[3] *Id.; See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.
[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet,* 40 Nw. J. Int'l L. & Bus. 157, 186 (2020); *see also* report on *"Combating Trafficking in Counterfeit and Pirated Goods"* prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

22. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Unauthorized Squishmallows Products to residents of Illinois. Screenshots evidencing Defendants' infringing activities are attached as **Exhibit 4**.

23. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of the SQUISHMALLOWS Trademarks or copy or distribute the

---

[5] *Id.* at p. 22.
[6] *Id.* at p. 39.
[7] Chow, *supra* note 4, at p. 186-87.

Squishmallows Copyrighted Works, and none of the Defendants are authorized retailers of genuine Squishmallows Products.

24. Many Defendants also deceive unknowing consumers by using the SQUISHMALLOWS Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Squishmallows Products. Other e-commerce stores operating under Seller Aliases omit using the SQUISHMALLOWS Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Squishmallows Products.

25. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

26. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Squishmallows Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

27. Defendants are collectively causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination

of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

28. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

29. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

30. Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Squishmallows Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the SQUISHMALLOWS Trademarks and/or copies of the Squishmallows Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Squishmallows Products into the United States and Illinois over the internet.

31. Defendants' unauthorized use of the SQUISHMALLOWS Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized

Squishmallows Products, including the sale of Unauthorized Squishmallows Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered SQUISHMALLOWS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The SQUISHMALLOWS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Squishmallows Products offered, sold, or marketed under the SQUISHMALLOWS Trademarks.

34. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the SQUISHMALLOWS Trademarks without Plaintiff's permission.

35. Plaintiff's United States Registrations for the SQUISHMALLOWS Trademarks, **Exhibit 1**, are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the SQUISHMALLOWS Trademarks and are willfully infringing and intentionally using infringing and counterfeit versions of the SQUISHMALLOWS Trademarks. Defendants' willful, intentional, and unauthorized use of the SQUISHMALLOWS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Squishmallows Products among the general public.

36. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the SQUISHMALLOWS Trademarks.

38. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Squishmallows Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Squishmallows Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Squishmallows Products by Plaintiff.

41. By using the SQUISHMALLOWS Trademarks in connection with the sale of Unauthorized Squishmallows Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Squishmallows Products.

42. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Squishmallows Products to the general public involves the

use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

43. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the associated goodwill of the SQUISHMALLOWS brand.

## COUNT III
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

44. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45. The Squishmallows Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

46. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Squishmallows Copyrighted Works. The Squishmallows Copyrighted Works are protected by the U.S. Copyright Registrations identified in **Exhibit 3** which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Squishmallows has been and still is the owner of all rights, title, and interest in the Squishmallows Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

47. The Squishmallows Copyrighted Works are published on the internet and available to Defendants online. As such, Defendants had access to the Squishmallows Copyrighted Works via the internet.

48. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Squishmallows Copyrighted Works on e-commerce stores operating under the Seller Aliases

and the corresponding Unauthorized Squishmallows Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Squishmallows Copyrighted Works. Such conduct infringes and continues to infringe the Squishmallows Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

49. Defendants reap the benefits of the unauthorized copying and distribution of the Squishmallows Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Squishmallows Products.

50. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Squishmallows Products that capture the total concept and feel of the Squishmallows Copyrighted Works.

51. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

52. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

53. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Squishmallows Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the SQUISHMALLOWS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Squishmallows Product or is not authorized by Plaintiff to be sold in connection with the SQUISHMALLOWS Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Squishmallows Copyrighted Works in any manner without the express authorization of Plaintiff;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Squishmallows Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the SQUISHMALLOWS Trademarks and/or the Squishmallows Copyrighted Works;

   d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Squishmallows Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   e. further infringing the SQUISHMALLOWS Trademarks and/or the Squishmallows Copyrighted Works and damaging Plaintiff's goodwill; and

   f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the SQUISHMALLOWS Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Squishmallows Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, Walmart, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the SQUISHMALLOWS Trademarks and/or which bear the Squishmallows Copyrighted Works;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the SQUISHMALLOWS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the SQUISHMALLOWS Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Squishmallows Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 29th day of October 2025.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Greer, Burns & Crain, Ltd.
200 West Madison St., Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law

*Counsel for Plaintiff Kelly Toys Holdings, LLC*